UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: HRISOULA STANTZOS | : | CHAPTER 13 |
| Debtor(s) | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| HRISOULA STANTZOS | : | |
| Respondent(s) | : | CASE NO. 1-19-bk-01432 |

## TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

AND NOW, this 7th day of January, 2020, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

    a. Residential real estate. (**Second request**)
    b. Commercial real estate. (Rental properties) (**Second request**)

3. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. 2018 Federal Income Tax return. (**Second request**)
    b. Current Profit and Loss Statement from August, 2018 to December, 2019, (Rentals) (**Second request**)
    c. Unfiled 2017 and 2018 State Income Tax Returns (Claim #1).

4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. The plan is underfunded relative to claims to be paid. (Allowed claims in 2C)
    b. Secured claims not in plan. (Greensprings Investments LLC – Claim #6; West York Borough – Claim #8)

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/James K. Jones
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 7th day of January, 2020, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Dawn Cutaia, Esquire
115 East Philadelphia Street
York, PA 17401

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee